UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CHARMAINE INSULAR, JASON DOMALIE
CAMPBELL, JEROME ANTHONY DALEY,
HOWARD SCARLETT, AND JAMES
FONTAINE,

**CIVIL COMPLAINT**

Case Number: 24-cv-1252

Plaintiffs.

- against -

*JURY TRIAL DEMANDED*

THE CITY OF NEW YORK, POLICE OFFICER
ESTHARLIN LOPEZ, SHIELD # 17248,
DETECTIVE VASILIOS VASILOPOULOS,
SHIELD # 955623 AND JOHN DOES #1-8,
MEMBERS OF THE NEW YORK CITY POLICE
DEPARTMENT EMERGENCY SERVICES UNIT
INVOLVED IN THE MARCH 5, 2021 ILLEGAL
SEARCH AND SEIZURE,

Defendants.
-----------------------------------------------------------------------X

Plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard

Scarlett, and James Fontaine, by their attorneys, Law Office of Caner Demirayak, Esq., P.C.,

complaining of the defendants, respectfully alleges as follows:

**Introduction**

1.      On March 5, 2021 at 5:00 a.m., while the plaintiffs were innocently sleeping in their

house a Emergency Services Unit ("ESU") search team of the New York City Police Department

("NYPD") used a battering ram to knock down the entrance door to 2246 Vanderveer Place,

Brooklyn, New York 11226 and entered the premises with guns drawn. None of the plaintiffs were

targets of the search and none had committed any crimes in the past or at the current time.

2.      The ESU team quickly proceeded up the stairs with M4 carbines, riot shields,

submachine guns and shotguns and kicked in the door to the room that Charmaine Insular

("Insular") and Jason Domalie Campbell ("Campbell") were sleeping in. Campbell suffers from

1

cerebral palsy, is wheelchair bound and uses a continuous passive air machine ("CPAP") to sleep. When ESU kicked the door in Campbell was lying in bed with his CPAP mask on. Insular yelled at the ESU members to not touch Campbell due to his disabilities. The ESU members still attempted to cuff him until realizing they were creating pain to his disabled hands and arms.

3.     The ESU team while proceeding on the second-floor hallway came into contact with James Fontaine. The ESU members immediately brought Fontaine to the ground and cuffed him. The ESU members stepped on Fontaine's back and caused him to drop his iPad and it became cracked and broken. Fontaine is blind. Fontaine kept yelling at the ESU members that he was blind and asked them to allow him to put clothing on. The ESU members did not care and dragged Fontaine down the stairs. Fontaine was kept cuffed with no shirt or socks and made to sit in the cold for hours.

4.     The ESU team eventually made way into Jerome Anthony Daley's ("Daley") room. Daley became extremely frightened and tried to run away. The ESU team brought him to the ground and placed cuffs on him. The ESU team claimed to have found a BB gun in Daley's room so they brought him to the police precinct to be issued a ticket for the BB gun. The ticket was never arraigned and was dismissed. However, Daley was unlawfully detained for nearly 12 hours.

5.     The ESU team also confronted Howard Scarlett who they brought to the ground and placed cuffs on.

6.     The ESU team and members of the NYPD then searched the entire premises regardless as to the terms of the search. It quickly became clear that the information provided was incorrect or downright false. The target of the search was not found at the premises and no contraband or firearms were found. The defendants planted and staged photographs of firearms in the premises.

7.      Eventually during pre-trial hearings, the lead detective conceded he could not say where the alleged firearms were found, at and was otherwise inconsistent at his testimony. The lead detective confirmed he tried to make the target of the underlying criminal case an informant, which he refused. The target would repeatedly be threatened by the lead detective that his life and family's life would be miserable if he refused to become an informant or source for the NYPD. As a result, the entire indictment against the target of the search was dismissed with prejudice.

8.      Plaintiffs now bring this civil rights action seeking relief for the violation of plaintiffs' rights secured by 42 USC 1983, 1985, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and for violations of plaintiff's federally protected procedural and substantive due process rights. Plaintiffs' claims arise from an incident that arose on or about March 5, 2021.

9.      Plaintiffs seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal, governmental and agency defendants, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## Jurisdiction

10.      This action is brought pursuant to 42 U.S.C. 1983, 1985 and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution.

11.      As such jurisdiction of this Court is founded upon 28 U.S.C. 1331, 1343 and 1367.

12.      Plaintiffs exhausted all administrative remedies prior to commencement of this action and timely filed a Notice of Claim upon the Comptroller's Office prior to commencement.

13.     Plaintiffs appeared for and completed all conditions precedent to suit including appearing for and completing a General Municipal Law 50-h statutory hearing and providing all requested authorizations for release of records.

## Venue

14.     Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), as the district in which the claims herein arose.

15.     This case is related to and arises from one of the same dates of occurrences as in *Jason Campbell v. The City of New York, et. al.*, 23-cv-02872-NGG-JAM, pending in the United States District Court for the Eastern District of New York.

## Parties

16.     Plaintiff, Charmaine Insular is black female and resident of the County of Kings, State of New York.

17.     Plaintiff, Jason Domalie Campbell is a black male and resident of the County of Kings, State of New York. Plaintiff Campbell is disabled and suffers from cerebral palsy, is wheelchair bound and uses a CPAP machine to sleep.

18.     Plaintiff, Jerome Anthony Daley is a black male and resident of the County of Kings, State of New York.

19.     Plaintiff, Howard Scarlett is a black male and resident of the County of Kings, State of New York.

20.     Plaintiff, James Fontaine is a black male and resident of the County of Kings, State of New York. Plaintiff Fontaine is blind.

21.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the municipal corporation,

4

CITY OF NEW YORK. Such defendant, through its various agents and employees violated plaintiffs' rights as described herein.

22.     At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER ESTHARLIN LOPEZ, SHIELD # 17248, DETECTIVE VASILIOS VASILOPOULOS, SHIELD # 955623 and JOHN DOES #1-8, MEMBERS OF THE NEW YORK CITY POLICE DEPARTMENT EMERGENCY SERVICES UNIT INVOLVED IN THE MARCH 5, 2021 ILLEGAL SEARCH AND SEIZURE were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Such defendants were employed with or worked with the 70th police precinct. Such defendants violated plaintiffs' rights as described herein.

23.     At all times hereinafter mentioned the defendants, either personally or through their employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

24.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK and its agency, the New York City Police Department and the 70th Precinct.

**Statement of Facts**

Fraudulently Obtained Search Warrant

25.     On March 4, 2021 defendant, POLICE OFFICER ESTHARLIN LOPEZ, SHIELD # 17248, provided false, misleading and inconsistent information in order to obtain a search warrant.

26.     The search warrant application was made on the basis of false allegations sworn to by defendant, POLICE OFFICER ESTHARLIN LOPEZ, SHIELD # 17248, and with the assistance of defendant DETECTIVE VASILIOS VASILOPOULOS, SHIELD # 955623.

27.     Defendants LOPEZ and VASILOPOULOS provided these false statements to the Kings County District Attorney's Office and the warrant judge knowing that there was no basis to support the allegations.

28.     These and other allegations, information and evidence were false and the defendants knew they were false when they made them.

29.     On March 4, 2021 defendants LOPEZ and VASILOPOULOS coerced, intimidated, and otherwise compelled a confidential informant to provide false information to the Kings County District Attorney's Office and the warrant judge.

30.     On March 4, 2021 defendants LOPEZ and VASILOPOULOS knew the confidential informant's statements and information were not true, unverified and insufficient to provide probable cause to support a search warrant.

31.     The defendants LOPEZ and VASILOPOULOS provided such confidential informant as a witness anyway knowing the falsity and baselessness of the statements.

32.     On March 5, 2021 defendants along with LOPEZ and VASILOPOULOS executed the illegally obtained search warrant.

33.     The target of the search, nonparty, Jason Campbell was not present at the premises searched as he did not clearly live there, despite false information in the search warrant.

34.     The plaintiffs herein, Insular, Campbell, Daley, Scarlett, and Fontaine who did live at the premises, were not targets of the search.

35.     During the search the defendants LOPEZ and VASILOPOULOS learned that the information from the confidential informant did not match the actual premises searched, items recovered and locations where the items were recovered from.

36.     During the search the defendants planted and moved the weapons around in different areas of the premises to support their incorrect and false information.

37.     During the search the defendants staged photographs and planted and moved weapons in their photographs to support their incorrect and false information.

38.     During the search the defendants claimed to have recovered an envelope bearing the target Jason Campbell's name on it near the weapons but never produced any photographs or evidence supporting that.

39.     It was later learned during defendant VASILOPOULOS' pre-trial hearing that he did not know where the envelope was recovered from.

40.     It was later learned during defendant VASILOPOULOS pre-trial hearing that he did not know which areas of the premises the weapons were allegedly recovered from.

41.     During the investigation no DNA matched the target or the plaintiffs to the weapons.

42.     During the investigation no fingerprints matched the target or the plaintiffs to the weapons.

43.     During the prosecution the defendants did not produce the DNA/fingerprint evidence timely.

44.     During the prosecution the trial judge precluded the use of any DNA/fingerprint expert testimony by defendants at trial.

45.     However, the defendants still refused to dismiss the case, until VASILOPOULOS' inconsistent hearing testimony.

### False Imprisonment and Arrest in the Absence of Probable Cause

46.     During the search of March 5, 2021 the plaintiffs were unlawfully imprisoned, detained and arrested despite the lack of probable cause.

47.     The plaintiff Daley was taken to the police precinct and detained for 12 hours and issued a ticket for an alleged BB gun. The ticket would not be prosecuted and ultimately dismissed.

48.     The plaintiffs Campell and Fontaine were imprisoned, detained and arrested despite their physical and vision disabilities and no accommodations were given to them.

49.     The plaintiffs did not resist and did not pose any danger to the defendants.

### Excessive Force

50.     The defendants used excessive force in unlawfully arresting, detaining and imprisoning plaintiffs by tackling them to the ground and using force when no such force was warranted.

51.     At no point did plaintiffs resist or strike any officers with their hands or any part of their bodies.

52.     Plaintiffs were injured.

<u>Dismissal and Favorable Termination</u>

53.     Eventually, on March 3, 2023 after a suppression hearing the prosecution moved to dismiss the indictment against the target of the search, non party Jason Campbell, and such motion was granted.

54.     The decision to investigate, search, arrest and prosecute plaintiffs and the non party target was objectively unreasonable under the circumstances.

55.     At no time did there exist sufficient cause to seize, search or arrest plaintiffs and the non party target, nor could the defendants have reasonably believed that such cause existed.

56.     The factual allegations and testimony sworn to by the individual defendants were materially false and deliberately made to justify the illegal conduct against plaintiffs and the non party target.

57.     At no time did defendants take any steps to intervene in, prevent or otherwise limit the misconduct against plaintiffs and the non party target.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Unlawful Search and Seizure**

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 57 with the same force and effect as if fully set forth herein.

59.     The defendants searched, seized, detained, arrested and imprisoned plaintiffs without any probable cause or valid access order and in violation of plaintiffs' rights to due process and against unreasonable searches and seizures of their persons and property.

60.     As a result, plaintiffs' privacy rights were violated without a valid warrant, valid access order or probable cause.

61.     The defendants obtained a search warrant on the basis of a lack of and falsely conjured probable cause.

62.     The plaintiffs were not the target of the search warrant and their specific premises and rooms therein were not the target of the search warrant and no permission was given to the search.

63.     Defendants are liable to plaintiffs for depriving them of their right to privacy and rights against unlawful searches and seizures pursuant to the Federal and New York State Constitutions without due process of law and without any probable cause.

64.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also each entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### 42 USC 1983 Federal Civil Rights Violations

65.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 64 with the same force and effect as if fully set forth herein.

66.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

67.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 USC 1983.

68.     The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as New York City Police Department officers with the 70th precinct. Said acts by the Defendants officers and agents were without authority of law, an abuse of their powers, and said Defendants acted willfully,

10

knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by Article I, Section 12 of the New York Constitution and the United States Constitution.

69.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### Unreasonable Force under 42 USC 1983

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 69 with the same force and effect as if fully set forth herein.

71.     The individual defendants' use of force upon plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine was objectively unreasonable.

72.     The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine, since plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine were unarmed, compliant, and did not resist arrest.

73.     Those defendants who did not touch the plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine, witnessed these acts, but failed to intervene and protect plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine from this conduct.

74.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### False Arrest/Unlawful Imprisonment under 42 USC 1983

75.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 74 with the same force and effect as if fully set forth herein.

76.     Defendants arrested, detained, imprisoned and/or created a custodial situation of plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine without probable cause, causing them to be detained against their will for an extended period of time with no basis in law for such arrest, custody or detainment.

77.     Defendants caused plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine to be falsely arrested and unlawfully detained.

78.     Defendants intended to confine plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine and, in fact, confined plaintiff sCharmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine  and plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine were conscious of the confinement.

79.     Plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine did not consent to the confinement and the confinement was not otherwise privileged.

80.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
### Municipal Liability under 42 USC 1983

81.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 80 with the same force and effect as if fully set forth herein.

82.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority and the 70th precinct of the New York City Police Department, which is forbidden by the Constitution of the United States.

83.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department and 70th precinct included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that as the moving force behind the violation of plaintiffs rights as described herein. In addition, the New York City Police Department has failed to properly train its employees with regard to the proper issuance of summonses, and defendant City was aware that NYPD officers routinely issued baseless and facially insufficient summonses to individuals in response to summons quota's, depriving said individuals of their constitutional rights. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

84.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department and its 70th precinct constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

85.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs.

86.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department and 70th precinct were the moving force behind the Constitutional violations suffered by plaintiffs.

87.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs' premises were was unlawfully searched and they were arrested, detained and subjected to excessive force by the 70th precinct. The same precinct that repeatedly targeted the plaintiffs' non party family member, Jason Campell as detained in his related civil complaint.

88.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

89.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the rights to be free from unlawful search and seizure, false arrest/unlawful imprisonment, and to be free from the failure to intervene.

90.     The defendant and its 70th precinct had a pattern and practice and unwritten policy of targeting plaintiffs and the non party family member of plaintiffs and violating their rights.

91.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE

MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Failure to Intervene under 42 USC 1983

92.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 91 with the same force and effect as if fully set forth herein.

93.     Defendants had an affirmative duty to intervene on behalf of plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine whose constitutional rights were being violated in their presence by other officers.

94.     The defendants failed to intervene to prevent the unlawful conduct described herein.

95.     As a result of the foregoing, plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine's liberty was restricted for an extended period of time, they were put in fear of their safety, they were subjected to handcuffing, and they were humiliated and compelled to suffer an unlawful search and seizure of their premises and property.

96.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Supervisory Liability under 42 USC 1983

97.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 96 with the same force and effect as if fully set forth herein.

98.     The supervisory defendants personally caused plaintiff Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

99.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### 42 USC 1983 Conspiracy

100.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 99 with the same force and effect as if fully set forth herein.

101.     Defendants are liable to plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine.

102.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE

16

MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
**False Arrest/Unlawful Imprisonment Under New York State Common Law**

103.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 102 with the same force and effect as if fully set forth herein.

104.     Defendants arrested, detained, imprisoned and/or created a custodial situation of plaintiff Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine without probable cause, causing them to be detained against their will for an extended period of time with no basis in law for such arrest, custody or detainment.

105.     Defendants caused plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine to be falsely arrested and unlawfully detained.

106.     Defendants intended to confine plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine  and, in fact, confined plaintiff Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine and plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine were conscious of the confinement.

107.     Plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine did not consent to the confinement and the confinement was not otherwise privileged.

108.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE

17

MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
#### Negligent Hiring Retention and Training

109.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 109 with the same force and effect as if fully set forth herein.

110.    The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named defendants, individuals who were unfit for the performance of NYPD duties.

111.    As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
#### Negligence

112.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 111 with the same force and effect as if fully set forth herein.

113.    Defendants owed a duty of care to plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine.

114.    Defendants breached that duty of care by subjecting plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine to an

illegal search and undue force and unprivileged deprivation of their liberty without sufficient or any cause to do so.

115.     As a direct and proximate cause of this unlawful conduct, plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine sustained the damages hereinbefore alleged. All of the foregoing occurred without any fault by plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine.

116.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

117.     As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

118.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs number 1 through 117 with the same force and effect as if fully set forth herein.

119.     By the actions described herein, the individually named police officer defendants, each acting individually and in concert with one another, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff sCharmaine Insular, Jason Domalie

19

Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine  and violated plaintiffs' statutory Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine  and common law rights as guaranteed by the laws and Constitution of the State of New York.

120.    As a result of the foregoing, plaintiffs Charmaine Insular, Jason Domalie Campbell, Jerome Anthony Daley, Howard Scarlett, and James Fontaine were deprived of liberty and sustained great emotional injuries.

121.    The City, as the employer of the defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

122.    As a result of the foregoing plaintiffs Insular, Campell, Daley, Scarlett and Fontaine are each entitled to compensatory damages in an amount to be fixed by a jury of at least ONE MILLION DOLLARS ($1,000,000) each, and are also entitled to punitive damages against the individual defendants in an amount to be fixed by a jury of at least TWO MILLION DOLLARS ($2,000,000) each, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

I.      Compensatory damages in an amount to be determined by a jury of at least One Million Dollars ($1,000,000) for each of the five plaintiffs for total of Five Million Dollars ($5,000,000);

II.     Punitive damages in an amount to be determined by a jury of at least Two Million Dollars ($2,000,000) for each of the five plaintiffs for total of Ten Million Dollars ($10,000,000);

III.    Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

IV.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

THE LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
        February 18, 2024

_____

Caner Demirayak, Esq.
*Attorneys for Plaintiffs*
*Charmaine Insular, Jason Domalie Campbell,*
*Jerome Anthony Daley, Howard Scarlett, and James*
*Fontaine*
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-344-6048
caner@canerlawoffice.com